Dear Senator Mueller:
You have recently requested an opinion from this office as to whether the Hancock Amendment would require a state appropriation to pay the City of St. Louis for any increased costs resulting from an increase in the salaries payable to police officers employed by the Board of Police Commissioners of the City of St. Louis as a result of an amendment to Section84.160 RSMo Supp 1980.
As presently constituted, Section 84.160 specifies with great particularity the respective salaries to be paid to members of the St. Louis police force. Section 84.160.2 currently provides as follows:
 It is the duty of the municipal assembly or common council of the cities to make the necessary appropriation for the expenses of the maintenance of the police force in the manner herein and hereafter provided.
We note that your inquiry hypothesizes no increase in the police force required to be maintained by the City of St. Louis, nor any additional duties necessarily to be performed by the force as it currently exists. The question to be answered therefore is this, does a mandated pay raise for the police officers constitute an increase in the level of an activity or service so as to require the state to fund the increase under the provisions of Section 21, Article X of the Missouri Constitution?
This office has had an opportunity to consider the financial implications inherent in a proposed pay increase for juvenile court personnel, whose salaries are also prescribed by statute. Opinion No. 69-1981 issued by this office to the Honorable James R. Strong is sufficient, we believe, to dispose of the issue presented by your request. We enclose a copy of that opinion. It was noted in that opinion that there are to date no Missouri cases which are helpful in defining level of activity or level of service. Accordingly, this office is required to construe those terms according to their ordinary and usual meaning. We do not believe that a required salary increase constitutes an increase in either a level of activity or level of service. We suggest to the contrary that the necessity of a state appropriation in cases of increased local expense is limited to those cases in which the substance of the underlying service or activity is expanded as a direct consequence of a requirement imposed by the State of Missouri. The mere fact that the salaries of local officials or local government employees is fixed by statute is not, we believe, sufficient to require an appropriation to fund the increase under Section 21 of Article X.
Therefore it is our view that the Hancock Amendment does not require a state appropriation if Section 84.160 RSMo Supp 1980 is amended to increase the salaries of City of St. Louis police officers.
Very truly yours,
 JOHN ASHCROFT Attorney General
Encl. Opinion No. 69-1981 issued to Honorable James R. Strong